NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ISAIAH GREENE,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT CHETIRKIN, et al.,<br><br>　　　　　　　Respondents. | Civil No. 22-1156 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge**

　　Petitioner Isaiah Greene, a state inmate at East Jersey State Prison in Rahway, New Jersey, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents, Robert Chetirkin, Administrator of the Adult Diagnostic and Treatment Center, and the Attorney General of New Jersey, seek dismissal of the petition for failure to exhaust state court remedies. ECF No. 6. For the reasons below, the petition is dismissed without prejudice and a certificate of appealability shall not issue.

**I.    BACKGROUND**

　　In April 2013, a jury convicted Greene of first-degree carjacking, first-degree robbery, third-degree criminal restraint, and two counts of third-degree criminal sexual contact. The evidence at trial established that Greene "threatened a female victim, forced her to drive with him in her car, sexually assaulted her, and stole her cellphone and cash." *State v. Greene*, No. A-4621-18T4, 2021 WL 97377, at *1 (N.J. Super. Ct. App. Div. Jan. 12, 2021). The victim "got a good look at [Greene] and identified him both during a photo array and at trial." *Id.* Greene was also

found to be in possession of the victim's cell phone shortly after the carjacking. *Id.*; *State v. Greene*, No. A3338-13T3, 2015 WL 10376083, at *1 (N.J. Super. Ct. App. Div. Feb. 29, 2016).

Greene appealed on the grounds that (1) he was denied a fair trial because the prosecutor improperly appealed to the jury to sympathize with the victim, and (2) his sentence was manifestly excessive and unduly punitive. *Greene*, 2015 WL 10376083, at *2; ECF No. 6-8. The Appellate Division affirmed the convictions in February 2016, *Greene*, 2015 WL 10376083, at *6, but it vacated the sentence, *id.*, and certification was denied in June 2016, *State v. Greene*, 226 N.J. 212, 141 A.3d 297 (2016). In April 2017, Greene was re-sentenced to an aggregate custodial term of 28 years with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, and a consecutive 10 years. ECF Nos. 6-11, 6-13–6-15. The Appellate Division affirmed that sentence in September 2017. ECF No. 6-17.

Greene moved for post-conviction relief ("PCR"), asserting trial counsel was ineffective for "failing to call Detective Kevin Green to sustain [Greene's] third-party guilt defense" (ECF No. 6-18 at 10); failing to "adequately consult and communicate with him" (ECF No. 6-19 at 5–6); failing to "review discovery with him" (*id.*); failing to investigate and interview his mother as an alibi witness (*id.* at 6); and introducing a video that was not beneficial to the defense (*id.*). The PCR court denied his petition in May 2019. *Greene*, 2021 WL 97377 at *2. On appeal, Greene asserted one ground for relief: "Trial counsel was ineffective for failing to call [Greene's mother] as an alibi witness." *Id.* The Appellate Division affirmed in January 2021. *Id.* Certification was denied in June 2021. *State v. Greene*, 247 N.J. 162, 253 A.3d 199 (2021).

Greene filed this habeas petition in March 2022, alleging counsel was ineffective for (1) "failing to call Detective Kevin Green to substantiate [Greene's] third-party guilt defense (Ground One)"; and (2) for "failing to advise [Greene] of consecutive sentencing during plea negotiations"

2

(Ground Two). ECF No. 1 at 5–7; ECF No. 1-1 at 1–4. Greene further asserts that (1) "appellate counsel failed to raise Ground One in Appellant's direct appeal," ECF No. 1 at 6; (2) "PCR appellate counsel failed to raise Ground Two in [Greene's] direct appeal," *id.* at 7; and (3) "PCR counsel failed to raise Ground Two in [Greene's] [PCR] proceeding," *id.* at 7. In July 2022, Respondents answered the petition, arguing that that the petition must be dismissed because the claims are unexhausted. ECF No. 6 at 17, 21, 24–27. Greene did not reply.

## II. DISCUSSION

A federal court may not grant a writ under § 2254 unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The petitioner must afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)). Exhaustion also permits development of a complete factual record in state court, which aids federal court review. *See Lundy*, 455 U.S. at 519.

To exhaust, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (citing *Stevens v. Del. Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). "[T]he claims heard by the state courts must be the 'substantial equivalent' of claims asserted in the federal habeas petition. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis

must also be the same." *Massey v. Warren*, No. CV 13-3439, 2018 WL 6649723, at *3–5 (D.N.J. Dec. 19, 2018) (citing *Picard v. Connor*, 404 U.S. 270 275, 277 (1971)); *see also McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) ("It is not sufficient that a 'somewhat similar state-law claim was made.'" (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982))).

"The exhaustion doctrine therefore requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court." *Prall v. Att'y Gen. of the State of N.J.*, No. 3:18-CV-2614, 2021 WL 733685, at *5 (D.N.J. Feb. 25, 2021) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Lundy*, 455 U.S. at 509). "The burden is on the habeas petitioner to prove exhaustion," *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005), and, generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. *See Lundy*, 455 U.S. at 522; *Banks v. Horn*, 126 F.3d 206, 212–14 (3d Cir. 1997).

"The procedural default doctrine is an important corollary to the exhaustion requirement." *Fowlkes v. Att'y Gen. of N.J.*, No. CV 21-7734, 2021 WL 4129489, at *2–3 (D.N.J. Sept. 10, 2021); *see also Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). This doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). The procedural default doctrine also applies to bar federal habeas claims when a prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *Caswell v. Ryan*, 953 F.2d 853, 861 (3d Cir. 1992).

4

New Jersey provides a time constraint for a petitioner to file PCR petitions as follows:

(1) *First Petition For Post-Conviction Relief.* Except as provided in paragraphs (a)(2), (a)(3), and (a)(4) of this rule, no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:

(A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice; or

(B) it alleges a claim for relief as set forth in paragraph (a)(2)(A) or paragraph (a)(2)(B) of this rule and is filed within the one-year period set forth in paragraph (a)(2) of this rule.

(2) *Second or Subsequent Petition for Post-Conviction Relief.* Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

N.J. Ct. R. 3:22-12.

To overcome a procedural default of federal claims in state court, a prisoner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Here, Respondents have not raised procedural default as an affirmative defense. Thus, this Court will not decide whether Greene's claims are procedurally defaulted. *See Szuchon v. Lehman*,

273 F.3d 299, 321 (3d Cir. 2001) (procedural default is an affirmative defense and the "state ordinarily is required to assert a procedural default in its answer if it intends to rely on that defense"); *Thomas v. Davis*, No. 19-21859, 2023 WL 2596891, at *11 n.1 (D.N.J. Mar. 22, 2023); *see also Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993) ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies."); *Kelsey v. Davis*, No. 19-10958 (RMB), 2020 WL 5201921, at *4 (D.N.J. Sept. 1, 2020) (determining that petitioner's claims were not procedurally defaulted because it was "at least theoretically possible" for petitioner to return to state court to try to exhaust).

Greene raised Ground One, the third-party guilt claim, in his PCR petition, but he did not appeal the PCR judge's denial of the claim to the Appellate Division or the New Jersey Supreme Court. ECF No. 6 at 17. Thus, he failed to raise it in one complete round of New Jersey's appellate review process, as required. *Prall*, 2021 WL 733685, at *5. Greene did not raise Ground Two, the plea negotiation claim, in either his direct appeal or collateral relief proceedings. ECF. No. 6 at 21. Thus, he did not fairly present the claim to any level of the New Jersey courts. *Prall*, 2021 WL 733685, at *5. Accordingly, both claims in Greene's habeas petition are unexhausted.

Respondents raised the lack of exhaustion in their answer, ECF No. 6 at 17, 21, 24–27, which was served upon Greene at his current address. ECF No. 6-1 (certificate of service); https://www20.state.nj.us/DOC_Inmate/details?x=1426522&n=0 (New Jersey Department of Corrections Offender Database, last visited 4/21/2023). Greene therefore could have, but did not, file a response explaining why his claims are not unexhausted. *See Cromer v. New Jersey*, No. 19-8392, 2021 WL 2350065, at *5 (D.N.J. June 9, 2021) ("The Court emphasizes that Respondents

raised the issue of exhaustion in their Answer. Consequently, Petitioner 'had an opportunity to file a response to show why his claims are not unexhausted,' but he has failed to do so." (quoting *Kelsey*, 2020 WL 5201921, at *5)). Further, Greene makes no argument that this Court should stay these proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Kelsey*, 2020 WL 5201921, at *4 (dismissing petition where claims were unexhausted, petitioner did not respond to the State's arguments that petition should be dismissed for failure to exhaust, and petitioner made no argument that the Court should stay the proceedings). Accordingly, Greene's habeas petition will be dismissed without prejudice as it is unexhausted. If the Court has misconstrued Greene's silence, and Greene can point to evidence relevant to exhaustion that this Court has overlooked, he may file a motion for reconsideration. *See id.* at *5; Local Rule 7.1(i) (governing motions for reconsideration).

### III.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a § 2254 proceeding unless a judge or circuit justice issues a certificate of appealability upon finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) & (2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Applying this standard, the Court finds that a certificate of appealability shall not issue.

## IV.    CONCLUSION

For the foregoing reasons, Greene's petition is dismissed without prejudice as unexhausted and a certificate of appealability shall not issue. An appropriate order follows.

DATED:  April 21, 2023

                                          s/ Claire C. Cecchi
                                       **CLAIRE C. CECCHI, U.S.D.J.**